SAMUEL, Judge.
Plaintiff filed this redhibitory action to rescind the sale of an automobile and to recover damages in the sum of $614.38. The defendant-vendor answered, denying the existence of redhibitory vices in the vehicle. After trial, there was judgment in favor of the defendant, dismissing the suit at plaintiff’s cost. The judgment primarily is based on the trial judge’s conclusion that the plaintiff had “failed to prove her case.” Plaintiff has appealed.
Civil Code Article 2520 reads:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C. C. Art. 2520.
The burden of proof in a redhibitory action is set forth in Civil Code Article 2530 as follows:
“The buyer who institutes the redhibi-tory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.” LSA-C.C. Art. 2530.
*557 The automobile involved is a 1964 Ram-bier. It was purchased on April 12, 1974, and plaintiff took possession the same day. The consideration was $500. She had ridden in the automobile on at least one prior occasion, and did not purchase it sight unseen. Plaintiff needed a car to go to and from work, and defendant assisted her in obtaining a $500 bank loan to cover the purchase price.
Plaintiff testified that when she took possession of the automobile it began to stop at every corner, and that the heater, radio, and transmission were inoperative. Apparently because she was not fluent in English, she was allowed to read the alleged complaints from the petition as part of her testimony. The petition stated the engine did not start, the horn did not work, the turn signals did not operate, the windshield wipers did not work, the car doors did not lock, “and other additional problems” existed. Plaintiff claimed she took the car to a mechanic named George who made some repairs on the vehicle. However, she neither presented the testimony of this mechanic nor introduced a receipt for his alleged $60 charge.[1]
Plaintiff’s mother and aunt also testified regarding the automobile. Their testimony consisted primarily of their attempts to have the defendant take the automobile back. They did not testify specifically about the alleged defects, although they did say the car was not running.
The strongest testimony presented by plaintiff was that of her fiance, George Cortacar. He stated the vehicle was visibly bad in appearance both inside and out and that the car did not work until he put his own battery in, after which he drove it from the residence of plaintiff’s aunt to the defendant’s beauty parlor to return the vehicle. During this trip, he said the automobile stopped at every corner. When asked why the vehicle stopped, he responded he did not know since he was not a mechanic.
Defendant testified the automobile was operating properly on the day he sold it to plaintiff. He denied being called the same day about any problem with the automobile. On the contrary, he said after the sale he saw plaintiff operating the car past his business establishment with some of her friends in it. In addition, he testified plaintiff’s aunt contacted him about a week after the sale telling him they wanted him to buy the car back, and about a week later plaintiff and her mother asked him to buy the car back for $400. He thus indicated plaintiff was not satisfied with the sale for reasons other than the alleged defects.
Defendant’s testimony was corroborated in part by Mayda Arce, a witness to the sale documents and a friend of the plaintiff. She testified that on at least one occasion plaintiff drove her from her own house to the plaintiff’s house and the vehicle did not manifest any stalling problems during that trip.
Apparent defects, which a buyer may discover by simple inspection, cannot give rise to a redhibitory action. As a consequence, even if proved, the nonfunc-tioning of the horn, the turn signals, the windshield wipers and the door locks could not form the basis for rescinding the sale.[2]
As plaintiff’s testimony relative to the transmission being inoperative must be disregarded because of an obvious lack of knowledge on her part, the only latent defect claimed is the automobile’s tendency to stall. The evidence regarding the appearance of this defect within three days of the sale is conflicting, and the conflict was resolved by the trial judge in favor of *558 the defendant. A thorough reading of the record discloses no reason why the trial judge’s finding on this issue should be disturbed.[3]
In the absence of proof of the appearance of the defect within three days, there is no presumption it existed at or before the sale, and the burden is upon the plaintiff to prove the defect existed at that time in order to have the sale rescinded. Plaintiff would have the court believe the engine stalled the first day, while evidence presented by the defendant tends to show that stalling, if any, was not experienced for more than three days after the sale.
If the automobile had been sent to a mechanic for work on the engine for stalling problems, plaintiff should have produced the mechanic’s testimony or explained his absence in order to avoid any adverse evi-dentiary presumption. Moreover, there is testimony the automobile was driven away from the defendant’s establishment by plaintiff without problem. The record clearly evidences a lack of command of the English language on the part of the plaintiff and the members of her family, who are of Spanish descent. A reading of the testimony leads to the conjectural impression that, as the vendor of an automobile, the soundness of which is questionable even when its age is taken into consideration, the motives of the defendant were somewhat less than above suspicion and that he may have taken advantage of plaintiff’s lack of knowledge concerning automobiles and her reliance upon him as her employer. However, there is not a sufficient evidentiary basis to overcome the trial judge’s conclusion that the plaintiff had failed to bear the burden of proof necessary to sustain her redhibitory action.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Plaintiff’s mother testified the charge was $50.

. LSA-C.C. Art. 2521 provides:
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among • the number of redhibitory vices.”

. See Civil Code Article 2530, quoted above.